**Gordon H. STOCKER and Carol A. Stocker, Plaintiffs-Appellants,**

v.

**John D. STITT, Master Electrician, Defendant-Appellee,**

and

**Leonard E. Jones and Judy Jones, individually and d/b/a Leonard E. Jones, Electrician, William Davis, State of Colorado Deputy Electrical Inspector, and The State of Colorado, Defendants.**

No. 81CA0183.

Colorado Court of Appeals, Div. II.

Feb. 11, 1982.

Rehearing Denied March 4, 1982.

Certiorari Denied April 26, 1982.

Greengard, Blackman & Senter, Lawrence D. Blackman, Tama L. Levine, Denver, for plaintiffs-appellants.

Wood, Ris & Hames, P. C., Eugene S. Hames, Denver, for defendant-appellee.

KELLY, Judge.

The plaintiffs, Carol and Gordon Stocker, appeal the judgment of the trial court dismissing their complaint for failure to state a claim against the defendant Stitt upon which relief can be granted. The other defendants were dismissed from the action at various stages for unrelated reasons. As to Stitt, the trial court ruled that § 12–23–111(10), C.R.S.1973 (1978 Repl.Vol. 5) does not impose liability in a negligence action upon a master electrician who lends his license to another pursuant to its provisions. We reverse.

Section 12–23–111(10), C.R.S.1973 (1978 Repl.Vol. 5), the interpretation of which governs this case, provides:

"An individual . . . may engage in business as an electrical contractor without an electrician's license if all electrical work performed by such individual . . . is under the direction and control of a licensed master electrician."

The Stockers brought this action to recover for damages resulting from the allegedly negligent installation by the defendant, Leonard Jones, of a "220 volt wire and switch." Plaintiffs alleged that Jones

worked under the license of Stitt, a master electrician. In their first amended complaint, plaintiffs alleged that, under the statute, "the master electrician is responsible for the work of the journeyman who is under him and should be held liable for any and all damages caused by the journeyman." The trial court dismissed this claim against Stitt, ruling that the statute "provides nowhere therein for vicarious liability on a master electrician for another electrical contractor operating under the provisions of his license...."

In their second amended complaint, plaintiffs alleged that Stitt had a duty to supervise the work of Jones and that Stitt negligently failed to perform that duty. The trial court also dismissed this claim against Stitt, concluding that the allegations "fall under ... § 12–23–111(10), and that except for reference to the statute the Second Amended Complaint fails to plead any duty upon which plaintiffs set forth a claim for relief."

While we agree with the trial court that the statute does not provide literally for vicarious liability of a master electrician, we do not agree that plaintiffs have failed to plead a duty owed by Stitt to the plaintiffs. By virtue of the statute, there exists a relationship between a master and an electrician working under the master's license. When a master permits the use of his license under the statute, the statute imposes upon him the duty to direct and control the work done under his license. Thus, the statute provides the basis for an allegation of a relationship on which a claim of negligence can be based. Since plaintiffs have sufficiently alleged a claim of negligence against Stitt, the trial court erred in dismissing the claim.

The judgment is reversed.

VAN CISE and TURSI, JJ., concur.